IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH J. MARINO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | C.A. No. 02-65-GMS |
| v. | ) | |
| | ) | |
| CROSS COUNTRY BANK, | ) | |
| APPLIED CARD SYSTEMS, INC., AND | ) | |
| ROCCO A. ABESSINIO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

**I.    INTRODUCTION**

On November 16, 2004, the court entered an Order vacating the dismissal of the above-captioned matter, which had been dismissed pursuant to a settlement agreement (the "Settlement Agreement"). (D.I. 131.) In its Order, the court granted the motion of the defendant, Cross Country Bank ("CCB"), to enforce the Settlement Agreement against the plaintiff Kenneth J. Marino ("Marino"). The court found "the complaint Marino filed (*not* under seal) in this court against Richards, Layton & Finger, and Stephen Hermann, Esq. (C.A. No. 04-0007) contained statements about CCB in violation of the non-disparagement clause of the settlement agreement." (D.I. 131.) Accordingly, the court "request[ed] further submissions from the parties regarding the appropriate damage award for injury caused by these statements . . . ." (*Id.*)

**II.   BACKGROUND**

On January 25, 2002, Marino filed a complaint against the defendants CCB, Applied Card Systems, Inc., and Rocco A. Abessinio. (D.I. 1.) The complaint arose from the termination of Marino's employment with the defendants. The parties entered into an agreement, and pursuant to

the terms of the Settlement Agreement, the court dismissed Marino's complaint on July 1, 2003. (D.I. 112.)

On April 5, 2004, CCB filed a motion under seal to vacate the dismissal and enforce the Settlement Agreement, alleging that Marino twice violated two of its provisions. (D.I. 113.) CCB alleged that Marino first violated the confidentiality and non-disparagement provisions by providing certain statements to the Attorney General of the State of New York in an unsolicited affidavit. CCB alleged that Marino violated the same provisions a second time when he made disparaging statements in a complaint, not filed under seal, captioned *Marino v. Richard, Layton & Finger*, C.A. No. 04-0007 (the "RLF action"). The court dismissed the RLF action for failure to state a claim, and the Third Circuit affirmed. *See Marino v. Richards Layton & Finger*, 160 Fed. Appx. 268 (3d Cir. 2005).

### III. DISCUSSION

#### A. Timeliness of CCB's Opening Brief

Marino urges the court to strike CCB's February 3, 2005 Opening Brief as untimely and to dismiss the case. (D.I. 135 at 8.) On November 16, 2004, the court ordered the parties to submit briefs on the issue of damages in accordance with the local rules. (D.I. 131.) The court's Order did not set forth a briefing schedule for the damages issue, and Local Rule 7.1.2 does not specify a timeline in which a party must submit an opening brief in the context of court-ordered supplemental briefing. CCB justified the time lapse by stating that it needed the time, not only to make the appropriate legal arguments, but also to obtain canceled checks, and the time and billing records from four separate law firms. (D.I. 136 at 3.)

Marino does not contend that he suffers any prejudice by CCB's February 3, 2005 filing. Indeed, the court granted Marino an extension to file his answering brief. (*See* D.I. 134 and the court's Oral Order of March 24, 2005.) Where there was no procedural rule, or mandate in the court's Order, requiring CCB's brief to be filed by a specified date, and no prejudice to Marino by the timing of CCB's filing, the court will not strike CCB's brief nor dismiss the case on the basis Marino urges.

**B.     Enforcement of the Settlement Agreement**

Voluntary settlement of civil controversies are specifically enforceable contracts. *See Pennwalt Corp. v. Plough, Inc.*, 676 F.2d 77, 80 (3d Cir. 1982). "When the language of a contract is plain and unambiguous, binding effect should be given to its evident meaning." *Majkowski v. Am. Imaging Mgmt. Servs., L.L.C.*, 913 A.2d 572, 581 (Del. Ch. 2006) (*citing Rhone-Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1195 (Del. 1992)). CCB argues that Marino is required to disgorge all settlement proceeds and pay the attorneys' fees that CCB incurred, as such relief is mandatory under the plain language of the Settlement Agreement. (D.I. 133 at 7-9.) Additionally, CCB asks the court to grant equitable relief by enjoining Marino from future violations of the non-disparagement clause of the Settlement Agreement. (D.I. 133 at 9-10.)

**1.     Disgorgement of Settlement Proceeds**

The Settlement Agreement defines a violation of the non-disparagement clause as a breach of the agreement. (D.I. 133 Ex. A ¶ 11.) The damages enumerated for breach of the Settlement Agreement are equitable relief, attorneys' fees, and disgorgement of all benefits received. (*Id.* at ¶¶ 11, 15.) Thus, the parties contemplated the measure of damages in the event of a breach. It is generally accepted that parties to a contract may agree on a fixed sum to be paid as liquidated

3

damages to compensate the non-breaching party in the event of breach. *Wise v. United States*, 249 U.S. 361, 365 (1919).

"In order to determine if a provision is a valid liquidated damages provision or an unenforceable penalty, Delaware courts apply the following test: where (1) the damages that would result from a breach are uncertain or incapable of accurate calculation by any accepted rule of law, and (2) the amount fixed is a reasonable forecast of such damages, the provision is one for liquidated damages and will be enforced like any other. Conversely, if the provision fails to meet one of these criteria, the damages stemming from a breach being easily ascertainable or the amount fixed excessive, the provision is void as a penalty." *Wilmington Hous. Auth. v. Pan Builders, Inc.*, 665 F. Supp. 351, 354 (D. Del. 1987) (internal quotations omitted).

Here, the Settlement Agreement contains a non-disparagement clause and the court has already adjudged that Marino made statements in violation of that clause. (D.I. 131.) In the briefs filed with the court, neither party sets forth the standard recited above, let alone argues whether the damages for such a breach are capable of accurate calculation or whether the stipulated amount is reasonable.[1] The only argument Marino makes in opposition of CCB's request for disgorgement of the settlement proceeds is that the court denied such relief in its Order on November 16, 2004. The court finds that argument to be void of fact and reason. (*See* D.I. 131.)

---

[1] In his answering brief, Marino merely states that "CCB does not cite how it was injured by the allegations/statements nor does CCB show how one single dollar left its corporate coffers as a result of the allegations/statements being set forth in just two paragraphs of a Complaint that contained 82 enumerated paragraphs." (D.I. 135 at 10.) This statement, however, does not inform the inquiry that both parties should have addressed.

In the absence of any argument, authority, or evidence from the parties as to whether the damages provision is a valid liquidated damages provision or an unenforceable penalty, the court is constrained to make any findings one way or the other. Where, as here, the court has no basis in fact or law to conclude that the pre-determined figure is unreasonable, the court will rely on the fixed damage amount, and require disgorgement of the settlement proceeds.

### 2. Attorneys' Fees

CCB claims that it has incurred at least $153,808.85 in legal fees and expenses as a result of Marino's breach of the Settlement Agreement.[2] (D.I. 133 at 9.) The total constitutes the fees of four separate law firms. CCB hired two law firms (Duane Morris LLP and Joseph A. Caprara, Esq.) to enforce the terms of the Settlement Agreement. (D.I. 133 at 9.) CCB also paid two firms (Morris, James, Hitchens & Williams, LLP representing Richards, Layton & Finger, and Smith, Katzenstein, Furlow, LLP representing Stephen Hermann) for the defense of Richards, Layton & Finger and Stephen Hermann in the RLF action. (D.I. 133 at 9.)

The non-disparagement clause of the Settlement Agreement (D.I. 133, Ex. A ¶ 11) entitles the non-breaching party to recover "attorneys' fees and expenses as more fully set forth in paragraph 15." Paragraph 15 is entitled "Covenant Not To Sue." As to damages, paragraph 15 provides that the violating party "is solely liable for any and all attorneys' fees and expenses (whether or not allowed by law) of the other parties as a result of any such suit by the violating party." (D.I. 133, Ex. A ¶ 15.)

---

[2]This figure includes the claimed fees and expenses incurred from appealing the RLF action to the Third Circuit. (D.I. 138.)

CCB seeks the attorneys' fees paid both for the enforcement of the Settlement Agreement and for defending against Marino in the RLF action. Based on the plain language of the Settlement Agreement, the court finds that CCB is entitled to recover only the attorneys' fees it incurred for the enforcement of the Settlement Agreement. There is no basis, in the Settlement Agreement itself, or in the law, however, to extend this obligation to pay the attorneys' fees for the defense of the RLF action, which is an entirely separate action. The court finds it disingenuous to characterize the defense of the RLF action as litigation costs necessary for the enforcement of the Settlement Agreement.

Consistent with the court's November 16, 2004 Order, the court will not award attorneys' fees for costs incurred in CCB's attempts to prevent Marino from cooperating with law enforcement or responding to a lawful subpoena. (D.I. 131, stating "enforcement of the non-disparagement clause for statements made in conjunction with a subpoena would be contrary to public policy.") The court will limit an award of attorneys' fees to work in connection with CCB's "Motion to Vacate Dismissal Order and to Enforce Settlement Agreement" (D.I. Nos. 113, 116), and its subsequent briefing regarding damages (D.I. Nos. 133, 136).

### 3.     Equitable Relief

CCB requests that the court enjoin Marino from making further statements in violation of the non-disparagement clause of the Settlement Agreement. (D.I. 133 at 9-10.) "[O]ne may not convert a claim for money damages arising from a breach . . . into a claim maintainable in equity by the expedient of asking that the defendant be enjoined from breaching such duty again." *McMahon v. New Castle Assocs.*, 532 A.2d 601, 605-06 (Del. Ch. 1987) (internal citations omitted).

A claim for injunctive relief must be supported by the allegation of facts that "create a reasonable apprehension of future wrong." *Id*.

CCB claims that "Marino is actively seeking to disparage CCB and has done so repeatedly." (D.I. 133 at 10.) Further, CCB claims "[t]here is no reason to believe he will now cease this conduct without court intervention." (D.I. 133 at 10.) CCB's claims concern statements Marino made in connection with the RLF action, as well as statements Marino made in an affidavit, and pursuant to a subpoena, in an action in New York. As a matter of public policy, the court will not enjoin Marino from making statements in cooperation with law enforcement agencies.

The court must then consider whether Marino's other statements, made in a public complaint in the RLF action, or any additional alleged facts, create a reasonable apprehension of future wrong. The Third Circuit affirmed the court's dismissal of the RLF action in *Marino v. Richards Layton & Finger*, 160 Fed. Appx. 268 (3d Cir. 2005). Thus, the disparaging statements made in the RLF action are not ongoing. CCB provides no other alleged facts in support of an injunction. The possibility that Marino may make further statements in violation of the Settlement Agreement does not itself create a reasonable apprehension of future violations. Therefore, the court finds no basis to enjoin Marino from possible future violations of the Settlement Agreement.

## IV.   CONCLUSION

The court will order Marino's return of the settlement proceeds to CCB, as the stipulated damages for a breach of the Settlement Agreement. The court will further order Marino to pay the attorneys' fees related only to CCB's motion practice in connection with the enforcement of the Settlement Agreement. The court will deny CCB's request to enjoin Marino from possible future violations of the Settlement Agreement.

|  |  |
|---|---|
| Dated: June_25, 2007 | /s/ Gregory M. Sleet<br>UNITED STATES DISTRICT JUDGE |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH J. MARINO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | C.A. No. 02-65-GMS |
| v. | ) | |
| | ) | |
| CROSS COUNTRY BANK, | ) | |
| APPLIED CARD SYSTEMS, INC., AND | ) | |
| ROCCO A. ABESSINIO, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

For the reasons set forth in the court's memorandum of this same date, IT IS HEREBY ORDERED that:

1. CCB's request for damages and an injunction is GRANTED IN PART and DENIED IN PART.

    a) Marino shall return the amount of the settlement proceeds to CCB.

    b) Marino shall pay the attorneys' fees and costs for the motion practice necessary to enforce the Settlement Agreement, consistent with the court's memorandum.

    c) CCB's request for an injunction is DENIED.


Dated: June 25, 2007

/s/ Gregory M. Sleet
UNITED STATES DISTRICT JUDGE